[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14677
Non-Argument Calendar

_____

D. C. Docket No. 05-00003-CR-FTM-33-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRENCE LITTLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 20, 2007)

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Terrence Little appeals his 151-month sentence for possession with intent to

distribute "crack" cocaine, 21 U.S.C. § § 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2, arguing that his sentence was unreasonable compared to the defendant in United States v. Williams (M.R. Williams), 435 F.3d 1330 (11th Cir. 2006), who was convicted of a similar offense and received only a 90-month sentence.

We review the district court's sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable . . . ." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we have established a two-part process for district courts to use in calculating sentences. Talley, 431 F.3d at 786. First, the district court must consult and correctly calculate the range recommended by the Sentencing Guidelines. Id. Second, the district court must fashion a reasonable sentence by considering the factors enumerated in § 3553(a). Id. Included among the § 3553(a) factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for deterrence; (5) the need to protect the public; (6) the Sentencing Guidelines range; and (7) the need to avoid unwanted sentencing disparities. 18 U.S.C. § 3553(a).

2

However, the district court does not need to state on the record that it has considered each of the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

In addition, "the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams (A.E. Williams), 456 F.3d 1353, 1363 (11th Cir. 2006), cert. petition filed, No. 06-7352 (Oct. 19, 2006). A reviewing court will not substitute its judgment in weighing the relevant factors. Id. Moreover, we have rejected the notion that a sentence within the guidelines is per se reasonable. Talley, 431 F.3d at 787. Even so, "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, [this court] ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788.

Little's sentence was reasonable. Because Little does not challenge the district court's scoring of the Guidelines, the only issue is whether in this case the § 3553(a) factors make a sentence within the Guidelines range unreasonable. In imposing the sentence, the district court noted that it had considered the advisory guidelines, factors set forth in § 3553, the statements offered in mitigation, and the history and characteristics of this defendant. The court noted that some of Little's

3

prior offenses were "committed one right after the other."   As a result, the court did not believe it was appropriate to depart from the guidelines.

Little's reliance on our opinion in <u>Williams</u> is misplaced because in that case, we held that in similar circumstances it was reasonable to vary below the Guidelines range, whereas in this case, Little is asking us to hold that it is unreasonable not to vary from the Guidelines range in these circumstances. Because there are a range of reasonable sentences from which the district court may choose, the fact that the sentence in <u>Williams</u> was found to be reasonable does not make a significantly different sentence in a similar case unreasonable.  Little has not met the burden of showing that the sentence imposed was unreasonable. Accordingly, we affirm.

**AFFIRMED.**